# EXHIBIT 1

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.                                    SUPERIOR COURT
                                                   C.A. NO.

_____

MIKE DONOVAN,

        *Plaintiff,*

v.

HOME DEPOT U.S.A., INC., and
TRICAM INDUSTRIES, INC.,

        *Defendants.*

_____

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

### **PARTIES**

1. Plaintiff Mike Donovan ("Donovan") is a citizen of the Commonwealth of Massachusetts and currently resides in Barnstable County, Massachusetts.

2. Defendant Home Depot U.S.A., Inc. ("Home Depot"), is a foreign limited liability company organized and doing business in accordance with the laws of the Commonwealth of Massachusetts with a principal place of business located at 2455 Paces Ferry Road, Atlanta, Fulton County, Georgia with a registered agent, Corporation Service Company at 84 State Street, Boston, Suffolk County, Massachusetts.

3. Defendant Tricam Industries, Inc. ("Tricam"), at all times relevant to this complaint is a corporation duly organized and existing under the laws of the state of Minnesota and doing substantial business within the Commonwealth of Massachusetts, with a principal place of business located at 7677 Equitable Drive, Eden Prairie, Minnesota.

### **FACTS**

4. Paragraphs 1-3 are hereby re-alleged and incorporated by reference as if set forth fully herein.

1

5. At all times relevant to this Complaint, Defendant Tricam manufactures 5.5-foot 5-step Gorilla Ladders.

6. At all times relevant to this Complaint, Defendant Home Depot exclusively sells 5.5-foot 5-step Gorilla Ladders.

7. On November 27, 2022, Plaintiff Donovan purchased a 5.5-foot 5-step Gorilla Ladder ("Ladder") from Defendant Home Depot.

8. On January 12, 2023 (Subject Incident), Plaintiff Donovan was using the Ladder to reach a crawl space in his home located in Barnstable County, Massachusetts.

9. On January 12, 2023, while Plaintiff Donovan was standing on the 4th step of the Ladder, the 1st step of the Ladder suddenly buckled, causing Plaintiff Donovan to fall and sustain injuries.

10. As a direct and proximate result thereof, Plaintiff sustained severe and permanent personal injuries including, Traumatic Brain Injury (TBI) with a concussion, ongoing headaches, dizziness, injuries to his right knee, right shoulder, a fractured right 10th rib, as well as other serious diverse and personal injuries, some or all of which may be permanent in nature.

## COUNT I – NEGLIGENCE
### MIKE DONOVAN v. HOME DEPOT U.S.A., INC.

11. Paragraphs 1-10 are hereby re-alleged and incorporated by reference as if set forth fully herein.

12. On or before January 12, 2023, Defendant Home Depot designed the Subject Ladder.

13. On or before January 12, 2023, Defendant Home Depot manufactured the Subject Ladder.

14. On or before January 12, 2023, Defendant Home Depot inspected the Subject Ladder.

15. On or before January 12, 2023, Defendant Home Depot tested the Subject Ladder.

16. On or before January 12, 2023, Defendant Home Depot marketed the Subject Ladder.

17. On or before January 12, 2023, Defendant Home Depot distributed the Subject Ladder.

18. On or before January 12, 2023, Defendant Home Depot sold the Subject Ladder.

19. On or before January 12, 2023, the Defendant Home Depot had a duty to exercise reasonable care in the design, manufacture, inspection, testing, marketing, distribution or sale of the Ladder so as to guard against foreseeable and avoidable risks of harm attendant with its use.

20. The Defendant Home Depot breached its duty when it designed, manufactured, inspected, tested, marketed, distributed and/or sold the Ladder being used by the Plaintiff a the time he suffered injuries.

21. The Defendant Home Depot breached its duty when it knew or should have reasonably known the Ladder was dangerous and defective and/or not reasonably safe for its intended use and purpose.

22. The aforementioned incident was caused by the negligence of Home Depot, individually and/or through its agents, servants or employees, and was caused in no manner whatsoever by any act or failure to act on the part of the Plaintiff.

23. As a direct and proximate result thereof, Plaintiff sustained severe and permanent personal injuries including, Traumatic Brain Injury (TBI) with a concussion, ongoing headaches, dizziness, injuries to his right knee, right shoulder, a fractured right 10th rib, as well as other serious diverse and personal injuries, some or all of which may be permanent in nature

WHEREFORE, the Plaintiff prays judgment and damages of Defendant Home Depot U.S.A., Inc., herein in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

## **COUNT II – NEGLIGENCE**
### **MIKE DONOVAN v TRICAM INDUSTRIES, INC.**

24. Paragraphs 1-23 are hereby re-alleged and incorporated by reference as if set forth fully herein.

25. On or before January 12, 2023, Defendant Tricam designed the Subject Ladder.

26. On or before January 12, 2023, Defendant Tricam manufactured the Subject Ladder.

27. On or before January 12, 2023, Defendant Tricam inspected the Subject Ladder.

28. On or before January 12, 2023, Defendant Tricam tested the Subject Ladder.

29. On or before January 12, 2023, Defendant Tricam marketed the Subject Ladder.

30. On or before January 12, 2023, Defendant Tricam distributed the Subject Ladder.

31. On or before January 12, 2023, Defendant Tricam sold the Subject Ladder.

32. On or before January 12, 2023, Defendant Tricam had a duty to exercise reasonable care in the design, manufacture, inspection, testing, marketing, distribution and/or sale of the Ladder so as to guard against foreseeable and avoidable risks of harm attendant with its use.

3

33. The Defendant breached its duty when it designed, manufactured, inspected, tested, marketed, distributed and/or sold the Ladder being used by the Plaintiff at the time that he suffered injuries.

34. The Defendant breached its duty when it knew or should have known the Ladder was dangerous and defective and/or not reasonably safe for its intended use and purpose.

35. The aforementioned incident was caused by the negligence of Tricam, individually and/or through its agents, servants or employees, and was caused in no manner whatsoever by any act or failure to act on the part of the Plaintiff.

36. As a direct result of the negligence of Defendant Tricam, Plaintiff sustained severe and permanent personal injuries including, Traumatic Brain Injury (TBI) with a concussion, ongoing headaches, dizziness, injuries to his right knee, right shoulder, a fractured right 10th rib, as well as other serious diverse and personal injuries, some or all of which may be permanent in nature.

WHEREFORE, the Plaintiff prays judgment and damages of Defendant Tricam Industries, Inc., herein in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

## COUNT III – BREACH OF WARRANTY

### MIKE DONOVAN v. TRICAM INDUSTRIES, INC.

37. Paragraphs 1-36 are hereby re-alleged and incorporated by reference as if set forth fully herein.

38. The Defendant, Tricam expressly and impliedly warranted to its customers and to foreseeable users of the ladder that the aforementioned Ladder which was sold, distributed and/or supplied to Defendant Home Depot, was safe, merchantable and fit for the uses for which it was intended, produced, manufactured, sold and supplied.

39. The Defendant, Tricam, breached said warranties in that the Ladder was not of merchantable quality, fit and safe for the purpose for which it was manufactured, produced and sold.

40. The Defendant, Tricam breached its warranties to the Plaintiff when it designed, manufactured, inspected, tested, marketed, distributed and/or sold the ladder that was defective and/or not reasonably safe for its intended use or purpose for which it was produced, manufactured, sold and supplied.

4

41. As a direct and proximate result of the unsafe, defective and unreasonably dangerous condition of this Ladder, which Tricam produced, sold, distributed or supplied, Plaintiff was seriously injured while using the Ladder in a reasonable and foreseeable manner.

42. As a direct result of the negligence of Defendant Tricam, Plaintiff sustained severe and permanent personal injuries including, Traumatic Brain Injury (TBI) with a concussion, ongoing headaches, dizziness, injuries to his right knee, right shoulder, a fractured right 10th rib, as well as other serious diverse and personal injuries, some or all of which may be permanent in nature.

WHEREFORE, the Plaintiff prays judgment and damages of Defendant Tricam Industries, Inc., herein in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

## COUNT IV – BREACH OF WARRANTY
### MIKE DONOVAN v. HOME DEPOT U.S.A., INC.

43. Paragraphs 1-42 are hereby re-alleged and incorporated by reference as if set forth fully herein.

44. The Defendant, Home Depot expressly and impliedly warranted to its customers and to foreseeable users of the ladder that the aforementioned Ladder which was sold, distributed and/or supplied to Defendant Home Depot, was safe, merchantable and fit for the uses for which it was intended, produced, manufactured, sold and supplied.

45. The Defendant, Home Depot breached said warranties in that the Ladder was not of merchantable quality, fit and safe for the purpose for which it was manufactured, produced and sold.

46. The Defendant, Home Depot, breached its warranties to the Plaintiff when it designed, manufactured, inspected, tested, marketed, distributed and/or sold the ladder that was defective and/or not reasonably safe for its intended use or purpose for which it was produced, manufactured, sold and supplied.

47. As a direct and proximate result of the unsafe, defective and unreasonably dangerous condition of this Ladder, which Home Depot produced, sold, distributed or supplied, Plaintiff was seriously injured while using the Ladder in a reasonable and foreseeable manner.

5

48. As a direct result of the negligence of Defendant Home Depot, Plaintiff sustained severe and permanent personal injuries including, Traumatic Brain Injury (TBI) with a concussion, ongoing headaches, dizziness, injuries to his right knee, right shoulder, a fractured right 10th rib, as well as other serious diverse and personal injuries, some or all of which may be permanent in nature.

WHEREFORE, the Plaintiff prays judgment and damages of Defendant Home Depot U.S.A., Inc., herein in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

## COUNT V – STRICT LIABILITY
### MIKE DONOVAN v. TRICAM INDUSTRIES, INC.

49. Paragraphs 1-48 are hereby re-alleged and incorporated by reference as set forth herein.

50. The Subject Ladder distributed by Defendant Tricam was unreasonably dangerous, defective and unsafe for use.

51. The Subject Ladder manufactured by Defendant Tricam was unreasonably dangerous, defective and unsafe for use.

52. The Subject Ladder inspected by Defendant Tricam was unreasonably dangerous, defective and unsafe for use.

53. The Subject Ladder tested by Defendant Tricam was unreasonably dangerous, defective and unsafe for use.

54. The Subject Ladder marked by Defendant Tricam was unreasonably dangerous, defective and unsafe for use.

55. The Subject Ladder distributed by Defendant Tricam was unreasonably dangerous, defective and unsafe for use.

56. The Subject Ladder sold by Defendant Tricam was unreasonably dangerous, defective and unsafe for use.

57. As a direct result of the negligence of Defendant Home Depot, Plaintiff sustained severe and permanent personal injuries including, Traumatic Brain Injury (TBI) with a concussion, ongoing headaches, dizziness, injuries to his right knee, right shoulder, a fractured right 10th rib, as well as other serious diverse and personal injuries, some or all of which may be permanent in nature

WHEREFORE, the Plaintiff prays judgment and damages of Defendant Tricam Industries, Inc., herein in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

## COUNT VI – STRICT LIABILITY

### MIKE DONOVAN v. HOME DEPOT U.S.A., INC.

58. Paragraphs 1-57 are hereby re-alleged and incorporated by reference set forth herein.

59. The Subject Ladder designed by Defendant Home Depot was unreasonably dangerous, defective and unsafe for use.

60. The Subject Ladder manufactured by Defendant Home Depot was unreasonably dangerous, defective and unsafe for use.

61. The Subject Ladder inspected by Defendant Home Depot was unreasonably dangerous, defective and unsafe for use.

62. The Subject Ladder tested by Defendant Home Depot was unreasonably dangerous, defective and unsafe for use.

63. The Subject Ladder marked by Defendant Home Depot was unreasonably dangerous, defective and unsafe for use.

64. The Subject Ladder distributed by Defendant Home Depot was unreasonably dangerous, defective and unsafe for use.

65. The Subject Ladder sold by Defendant Home Depot was unreasonably dangerous, defective and unsafe for use.

66. As a direct result of the negligence of Defendant Home Depot, Plaintiff sustained severe and permanent personal injuries including, Traumatic Brain Injury (TBI) with a concussion, ongoing headaches, dizziness, injuries to his right knee, right shoulder, a fractured right 10th rib, as well as other serious diverse and personal injuries, some or all of which may be permanent in nature.

WHEREFORE, the Plaintiff prays judgment and damages of Defendant Home Depot U.S.A., Inc., herein in a sum to be determined by the trial of this action, plus interest and costs as provided by law.

### *PLAINTIFF DEMANDS A TRIAL BY JURY.*

7

Respectfully submitted,
The Plaintiff, Mike Donovan,
By his Attorneys,


*/s/ Kelsey R. Rose*
Kelsey R. Rose, Esq., BBO# 692102
Jason D. Stone, Esq., BBO# 647233
JASON STONE INJURY LAWYERS
225 Friend Street, Suite 301
Boston, MA 02114
P: 617-379-3233
KRR@StoneInjury.com
JDS@StoneInjury.com

Date: 1/10/2025

8

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|

**PLAINTIFF(S):** Mike Donovan

**ADDRESS:** 225 Friend Street, Suite 301

Boston, MA 02114

**COUNTY**

BARNSTABLE

**DEFENDANT(S):** Tricam Industries, Inc.   Home Depot U.S.A., Inc.

7677 Equitable Dr.   2455 Paces Ferry Rd

Eden Prairie, MN 55344   Atlanta, GA 30339

**ATTORNEY:** Kelsey R. Rose, Esq.

**ADDRESS:** JASON STONE INJURY LAWYERS

225 Friend Street, Suite 301

Boston, MA 02114

**ADDRESS:**

**BBO:** 692102

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Other Negligence - Personal Injury | F | ☒ YES   ☐ NO |

**\*If "Other" please describe:**

| Is there a claim under G.L. c. 93A? | Is this a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☐ YES   ☒ NO | ☐ YES   ☒ NO |

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................................................... $ 10,000.00
2. Total doctor expenses ................................................................................................. $ 5,000.00
3. Total chiropractic expenses ......................................................................................... $
4. Total physical therapy expenses ................................................................................. $ 10,000.00
5. Total other expenses (describe below) ........................................................................ $

Subtotal (A): $ 25,000.00
(Ongoing)

B. Documented lost wages and compensation to date .......................................................... $
C. Documented property damages to date ............................................................................. $
D. Reasonably anticipated future medical and hospital expenses .......................................... $ 100,000.00
E. Reasonably anticipated lost wages ................................................................................... $
F. Other documented items of damages (describe below) ...................................................... $ 200,000.00

Pain & Suffering, Physical Limitations, Loss of Enjoyment

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Traumatic Brain Injury (TBI) with a concussion and ongoing headaches, dizziness, injuries to right knee, right shoulder, and fractured 10th right rib

TOTAL (A-F):$ 375,000.00
(Ongoing)

### CONTRACT CLAIMS
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $

**Signature of Attorney/ Unrepresented Plaintiff: X** */s/ Kelsey R. Rose*    **Date:** 1/10/25

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X**    */s/ Kelsey R. Rose*    **Date:** 1/10/25

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

## TRANSFER YOUR SELECTION TO THE FACE SHEET

EXAMPLE:

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| | | | ☒ YES    ☐ NO |
| B03 | Motor Vehicle Negligence-Personal Injury | F | |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

| Summons | CIVIL DOCKET NO. 2572CV00010 | Trial Court of Massachusetts The Superior Court  |
|---|---|---|

| CASE NAME: MIKE DONOVAN Plaintiff(s) vs. TRICAM INDUSTRIES, INC., HOME DEPOT U.S.A., INC. Defendant(s) | SUPERIOR COURT BARNSTABLE SS FEB 14 2025 FILED Susan L. Moran, Clerk | Susan L. Moran        Clerk of Courts Barnstable        County COURT NAME & ADDRESS: BARNSTABLE SUPERIOR COURT 3195 MAIN STREET BARNSTABLE, MASSACHUSETTS 02630 |
|---|---|---|

THIS SUMMONS IS DIRECTED TO TRICAM INDUSTRIES, INC. (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the BARNSTABLE SUPERIOR Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. **How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your signed original response with the Clerk's Office for Civil Business, BARNSTABLE SUPERIOR Court 3195 Main St, Barnstable, MA 02630 (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing a copy of your response to the Plaintiff's attorney/Plaintiff at the following address: KELSEY ROSE, ESQ., 225 FRIEND ST, STE 301, BOSTON, MA 02114

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Court no more than 10 days after sending your Answer.

3. (cont.) Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. __Michael D. Ricciuti__ , Chief Justice on __JANUARY 27__ , 20 __25__ . (Seal)

Clerk        __Susan L. Moran__

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

### PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____          Signature: _____

**N.B.    TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

rev. 1/2023

‖‖‖‖‖‖‖ BARCODE MN 553

9590 9402 9153 4225 9598 93

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•



**JASON STONE**
**INJURY LAWYERS**
225 Friend St Suite 301
Boston, MA 02114

lexie                          Danovan

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Tricam Industries, Inc.
7677 Equitable Dr.
Eden Prairie, MN 55344

9590 9402 9153 4225 9598 93

1589 0710 5270 0388 0177 96

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☑ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                Domestic Return Receipt



Boston/Mailing
225 Friend Street, Suite 301
Boston, MA 02114

Natick
1400 Worcester Street
Natick, MA 01760

Peabody
84 Newbury Street, Suite 101
Peabody, MA 01960

Westwood
240 Providence Highway
Westwood, MA 02090

February 12, 2025

Barnstable Superior Court
Civil Clerk's Floor
3195 Main Street
Barnstable, MA 02630

Re:    Mike Donovan v. Tricam Industries, Inc., et al., Docket # 2572CV00010

Dear Sir/Madam:

Enclosed for filing please find the following:

- Return of Service for Defendant Tricam Industries, Inc.; and
- Return of Service for Defendant Home Depot U.S.A., Inc.

Thank you for your attention to this matter.

Very Truly Yours,

Kelsey R. Rose, Esq.

| Summons | CIVIL DOCKET NO. 2572CV00010 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: MIKE DONOVAN vs. TRICAM INDUSTRIES, INC., AND HOME DEPOT U.S.A., INC. | SUPERIOR COURT BARNSTABLE SS FEB 14 2025 Plaintiff(s) FILED Susan L. Moran, Clerk Defendant(s) | Susan L. Moran    Clerk of Courts Barnstable    County COURT NAME & ADDRESS: BARNSTABLE SUPERIOR COURT 3195 MAIN STREET BARNSTABLE, MASSACHUSETTS 02630 |
|---|---|---|

THIS SUMMONS IS DIRECTED TO HOME DEPUT U.S.A. INC R/A CORPORATION SERVICE COMPANY (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the Barnstable Superior Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your signed original response with the Clerk's Office for Civil Business, Barnstable Superior Court 3195 Main Street, Barnstable, MA 02630 (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing a copy of your response to the Plaintiff's attorney/Plaintiff at the following address: KELSEY ROSE, ESQ., 225 FRIEND ST, STE 301, BOSTON, MA 02114

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Court no more than 10 days after sending your Answer.

3. (cont.) Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Rule 12 of the Massachusetts Rules of Civil Procedure. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. Required Information on All Filings.

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. __Michael D. Ricciuti__ , Chief Justice on __JANUARY 27__ , 20__25__ . (Seal)

Clerk      __Susan L. Moran__

Note: The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

## PROOF OF SERVICE OF PROCESS



**Suffolk County Sheriff's Department** • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.*

**February 3, 2025**

I hereby certify and return that on 1/31/2025 at 8:45 AM I served a true and attested copy of the **Summons, Complaint, Interrogatories, Notice of Taking Deposition, Request for Production of Documents, Cover Sheet, Tracking Order in this action in the following manner: To wit, by delivering in hand to Bernardo Montanez, agent and person in charge at the time of service for Home Depot USA Inc., at 84 State Street Boston, MA 02109 . Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Conveyance ($0.30) Postage and Handling ($1.00) Travel ($23.90) Administrative Fee ($15.00) Deputy Expense ($5.00) Total: $80.20**

Deputy Sheriff      Gabrielle Drapeau

_____
*Deputy Sheriff*

Date: